**Ronaldo HERNANDEZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–74402.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Ronaldo Hernandez, Orange, CA pro se.

Jennifer R. Khouri, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Ronaldo Hernandez, a native and citizen of Guatemala, petitions pro se for review

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for cancellation of removal, asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We deny in part, dismiss in part, and grant in part the petition for review, and remand.

Substantial evidence supports the agency's dispositive finding that Hernandez is statutorily ineligible for cancellation of removal, where he presented no evidence that he has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir.2002) (cancellation of removal denied for lack of qualifying relative).

We lack jurisdiction to consider the denial of Hernandez's applications for asylum, withholding of removal, and CAT relief, where he failed to exhaust the claims before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.2010).

As the government concedes, the BIA failed to consider Hernandez's properly raised challenge to the IJ's discretionary denial of his application for voluntary departure. We therefore grant Hernandez's petition in part and remand to the BIA to consider those contentions in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005).

In light of this disposition, we do not reach Hernandez's remaining contentions.

ed by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.